## Polish Peoples Home Association and Printpress Company, Appellants, v. Stanley V. Atlas and Esther Atlas, Appellees.

### Gen. No. 31,476.

1. CORPORATIONS—*when corporation cannot claim its officers exceeded authority in the executing instrument.* On a bill by a corporation presenting question whether its warranty deed was a mortgage, the corporation cannot claim that the execution of the deed by its officers was ultra vires of their powers and authority, where the corporation offers to pay whatever amount may be legally due to the grantee and admit that part of a claimed amount was rightfully found to be due by the chancellor.

2. MORTGAGES—*sufficiency of evidence that deed was intended to be a mortgage.* A deed absolute upon its face was held to be a mortgage under evidence that at the time of the execution the grantee was willing to help the grantor out of financial difficulty if given proper security, that the grantee had no intent of ultimately acquiring the fee title except on a failure of timely reimbursement, and that the grantee executed a formal option to reconvey within a year.

3. APPEAL AND ERROR—*presumption that only admissible evidence was considered.* On the review of alleged errors in the admission and exclusion of evidence in a suit in equity, the court will assume that the chancellor, in arriving at his conclusions, as evidenced by the decree, took into consideration only such proofs as were properly admissible.

4. TENDER—*effect on interest.* A tender of much less than the amount due under a deed intended to be a mortgage does not stop the interest.

5. EQUITY—*necessity of performing promise to do equity.* A grantor who asks that a deed be declared to be a mortgage, but who does not perform his promise in the bill to pay the amount due, has no further standing in equity to obtain any relief whatsoever.

6. TENDER—*necessity of keeping tender good.* A tender which is not kept good does not stop interest.

7. MORTGAGES—*money advanced for benefit of mortgagor.* In determining the amount to be due to a grantee of a corporate deed intended to be a mortgage, held an amount advanced by the grantee at the direction of the corporation to purchase property usable by the corporation within its charter powers was properly allowed.

8. USURY—*loan to corporation.* Where a corporation agrees to pay premiums or bonuses which amount to more than the legal rate

of interest for financial advances, and gives a deed intended as a mortgage as security, the statutes on usury and interest do not prevent the mortgagee from having its amounts included in the sum the corporation is required to pay as part of the money necessary to redeem, the alleged usurious amounts being not more than adequate compensation for the valuable service in making the advances.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed with directions, etc. Opinion filed November 23, 1927.

CARL STROVER, for appellants.

CHARLES P. MOLTHROP and ALEXANDER M. SMIE-TANKA, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The bill in this case presents for decision, first, whether the warranty deed of complainant, the Polish Peoples Home Association, to the defendant Stanley V. Atlas, of date June 9, 1925, was what upon its face it purported to be, or was in fact a mortgage to secure to Atlas payment of moneys then or thereafter to be advanced by him for the grantor; and secondly, if it be decided to be a mortgage, then how much is necessarily to be paid to Atlas to effect a redemption.

The learned chancellor, after a somewhat protracted hearing, decreed that the warranty deed, in equity, was a mortgage, and that the amount necessary for redemption at the date of the decree was $8,534, with legal interest thereon from the decree date, July 17, 1926, until payment, and directed that the same should be paid within thirty days, and if not so paid within that limitation of time, an execution should issue for the amount so found to be due, with legal interest thereon, and a sale of the premises conveyed by the said warranty deed in form, but held to be a mortgage in fact, be made under such execution.

Among other objections raised by the grantor in the aforesaid deed is the validity of the execution by the officers of the grantor, that their action in so executing the deed was *ultra vires,* of their powers and authority. Suffice it to say that in their bill, the complainants offer to do equity and to pay whatever amount may be found legally due to defendant, Stanley V. Atlas, and further complainants admit in their brief that the amount found due by the chancellor, less about $2,000, is rightfully due. Under these circumstances the doctrine of *ultra vires* is not invocable.

Defendant has assigned cross-error, and in support of such assignment contends that he is entitled to $4,000 more than awarded him by the decree.

From the proofs in this record we can hardly see how the learned chancellor could conscientiously have come to any other conclusion than that the deed, while in form conveying a fee simple title, was in fact a mortgage and so understood at the time by all the parties to it. It is evident that complainants were in financial straits at the time the deed was executed and delivered and that defendant was willing on proper security to help complainants out of their financial difficulties.. There was no word spoken at the time of the transaction by Atlas or any of the other interested parties from which the conclusion may be reasonably inferred that Atlas had any idea or intention of ultimately acquiring the fee title, except as the result of the failure of complainants to reimburse him for his outlays within a reasonable time.

Furthermore, on June 9, 1925, Atlas executed a formal option to the Home Association to reconvey at any time within one year. This option read in the light of other testimony lends weight to the contention that the deed was not intended to operate as an absolute conveyance, but only as security for such payments or advances which Atlas might make for and on account of the property conveyed, which as a mat-

ter of law would include reasonable compensation for his services. The parties in their respective briefs, in effect, conceded that the deed was a mortgage. Atlas in asking for $4,000 more than the chancellor awarded him assumes that the deed was a mortgage and thereby fixes the amount necessary to redeem therefrom. As to that part of the decree holding that the deed in question was in equity a mortgage, we agree.

We have scanned the record for the errors complained of in the ruling of the court on the admission and exclusion of evidence, and having in mind the rule that this court will assume that the chancellor, in arriving at his conclusions, as evidenced by the decree, took into consideration only such proofs as were properly admissible. So far as the exclusion of proffered evidence is concerned, we find nothing which detracts from the force of the ultimate findings of the decree.

We come now to the consideration of the question of the amounts which should have been allowed to Atlas, whether more or less than the sums found by the decree.

The tender made, if good, would stop interest, but being bad, it stopped nothing. When the tender was made it was much short of the amount then due, as found by the decree. An injunction was unnecessary under the findings of the decree. If complainants had complied with the decree at the time of its entry and paid the amount awarded Atlas, they would have gone into the undisturbed possession of the mortgaged property. Failing to do so they must suffer the penalty of such failure. However this may be, the failure of complainants to abide by the decree of the court, their bill should be dismissed for want of equity. A party who proffers equity must perform, otherwise he is not entitled to equitable relief which he asks for himself. When he fails to perform the promise to do equity made in the bill, as may be adjudged by the

court, which promise gave the court jurisdiction and moved the chancellor to grant the relief which he did, then such party has no further standing in equity to any relief whatsoever.

Complainants never even tendered the amount which in their argument they admit to be due. Furthermore the amount actually tendered on the trial was made before the decision and decree of the court and not thereafter renewed. In other words, the tender was not kept good. Complainants were accorded the benefit of their tender by the refusal of the chancellor to allow interest on the sum tendered from the date of the tender to the date of the entry of the decree. This action was more than generous toward complainants.

Defendant in his brief accepts of the decision of the learned chancellor that the deed in question is not absolute, but in the nature of a mortgage. This leaves for our further decision the correctness of the accounting as set forth in the decree. These are encompassed within three items, viz., money advanced by Atlas to the Express Company and Publishing Company, $2,000, with interest thereon to date of decree at 6% $132, making $2,132; also $6,042.65 advanced by Atlas to the Bank, with interest thereon at 6% to January 19, 1926, $140.35, making $6,183; moneys expended by Atlas for insurance, $215 with interest thereon to last mentioned date at 6% $4, making $219; the whole three items making $8,534, the amount decreed to be paid within thirty days.

Complainants object to the first item of $2132, only with the exception of a claim for $25, so-called rent payment. As to that $25 item, we see nothing in the record which would justify this court in varying the decree on that item.

The charter of the Home Association authorized it, among other things, to do a printing business. As appears by the decree the item of $2,132 objected to,

was paid by Atlas at the direction of the Home Association to purchase a printing plant from the receiver of the Polish Peoples Publishing Company. Atlas had no personal responsibility for this payment. He made it at the direction of the Home Association. Even were the doctrine of *ultra vires* invocable, which it is not, the purchase of property usable by the Home Association was within its charter powers and Atlas in paying that item by direction is absolved from further responsibility in the matter in a court of equity. What we have said regarding the $2,132 item disposes of all complainants' objections to the account found in the decree.

We now come to the defendant's assignment of cross-errors by which he contends that there should be added to the monetary findings of the decree two other items of $1,000 and $3,000 respectively, which the Home Association agreed to pay Atlas for his financial advances, as found in the decree before us for review.

The two items were in the nature of premiums or bonuses to be paid Atlas for financial advances made by him in the transactions in question. Complainants contend that these two items are usury in disguise. The deed in question was dated June 9, 1925, and defendant contends that it is immaterial whether the premium or bonus was in fact usury under the Illinois statutes then in force as to corporations.

The existent Corporation Act of 1919 provides in ¶ 6, subd. 7, ch. 32, Cahill's 1925 Statutes, regarding powers of corporations: "To borrow money at such rate of interest as the corporation may determine without regard to or restrictions under any usury law of this State, and to mortgage or pledge its property, both real and personal, to secure the payment thereof."

At the time of the passage of the foregoing act, interest chargeable by statute was limited to 7 per

cent annually. Paragraph 4, ch. 74, Callaghan's Annotated Statutes, Cahill's St. ch. 74, ¶ 4. And by ¶ 11, of the same act, it was provided, "that no corporation shall hereafter interpose the defense of usury in any action." On July 1, 1925, ¶ 11, *supra,* was repealed, and ¶ 4, *supra,* rewritten, in which 7 per cent annually was fixed as the maximum rate of interest, with the following exemption from its operation, "provided, however, with respect to money loaned to or in any manner due and owing from a corporation, the parties may stipulate or agree upon any rate of interest whatsoever, and take and pay the same." Paragraph 6, ch. 74, *supra,* was rewritten to read, "If any person or corporation in this state shall contract to receive, *except from a corporation,* a greater rate of interest or discount than 7 per cent" etc. The foregoing amendments harmonize effectually the interest statutes with the Corporation Act of 1919. So whether these two items are adjudged as bonus or usurious interest, the result is the same. They are recoverable on either theory. These charges do not shock the sense of equity or good conscience, because thereby Atlas receives not more than adequate compensation for his advances, and his services in the matter involved, which were of considerable value, for he has had rather a rugged time with complainants and their various aids, legal and lay. The money has been well earned, and in the condition of the statutes are just claims against complainants, and proper to be charged against them as part of the money necessary to redeem.

In complainants' reply brief they state they have no objection to the modification of the decree so as to provide that on failure to pay the amount found due by the decree within 30 days, their bill may be dismissed for want of equity on the authority of *Ladd v. Ladd,* 175 Ill. App. 101. It will therefore be so ordered.

The decree of the superior court is affirmed and the cause is remanded to the superior court with direc-

tions to enlarge the amount found due of $8,534 by adding thereto the sum of $4,000, and to make the total amount to be found due by such decree, as enlarged, of $12,534, with interest at the legal rate of 5% from the date of the entry of the original decree, July 17, 1926, to date of payment, and to modify the decree by providing that on failure of complainants, or some one for them, to pay the aforesaid amount of $12,534, within 30 days of the final entry of the decree, as enlarged, complainants' bill be dismissed for want of equity.

>    *Decree affirmed with directions to add thereto the sum of $4,000, and to dismiss the bill for want of equity on failure to pay amount of decree as enlarged within thirty days.*

TAYLOR, P.J., and WILSON, J., concur.